IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| RAYMOND KING<br>ADC #107593 | | PETITIONER |
| V. | NO. 3:06CV00136 JLH/JWC | |
| LARRY NORRIS, Director,<br>Arkansas Department of Correction | | RESPONDENT |

## ORDER

In response to this 28 U.S.C. § 2254 petition for writ of habeas corpus, Respondent first asserts (docket entry #5) that the petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). Generally, this provision bars as untimely a federal habeas petition not filed within one year of the date on which the petitioner's state court judgment became final. Id. § 2244(d)(1). Time consumed by properly filed post-conviction proceedings in state court does not count against the limitations period. Id. § 2244(d)(2).

Alternatively, Respondent asserts: (1) that most of Petitioner's claims are procedurally defaulted due to his failure to first properly present them to the state courts; (2) that the claim regarding lack of jurisdiction fails to state a federal constitutional claim; and (3) that this Court is bound by the state courts' decisions regarding Petitioner's claims.

A federal habeas claim must be dismissed if a petitioner tries to raise grounds in federal court which he did not raise properly in state court unless he had a good reason for failing to do so. Before the Court decides whether to dismiss any claims as procedurally defaulted, however, a habeas petitioner should have an opportunity to show "cause" for his alleged procedural default and "prejudice" resulting from the alleged

violations of federal law.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  The petitioner may also attempt to show that failure to consider his claims would result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).  This narrow exception to the cause-prejudice requirement requires a petitioner (1) to support his allegations of constitutional error with new reliable evidence not presented at trial, and (2) to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him."  Schlup v. Delo, 513 U.S. 298, 324-31 (1995).

Where a state court has previously adjudicated a claim on the merits, a federal habeas court cannot grant habeas relief for the same claim unless the state court adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the United States Supreme Court, or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The habeas court presumes any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence.  Id. § 2254(e)(1).

Petitioner is granted until, and including, September 25, 2006, to file a written pleading in response to Respondent's arguments for dismissal.

IT IS SO ORDERED this 25th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE