**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**RAYMOND KING**  PETITIONER
ADC# 107593

VS.  CASE NO.: 3:06CV00136 JLH/BD

**LARRY NORRIS,** Director,
Arkansas Dept. of Correction  RESPONDENT

## ORDER

Petitioner Raymond King, an inmate in the Arkansas Department of Correction, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2). Respondent answered the petition, claiming that the statute of limitations had run before the petition was filed (#5). The Court gave Petitioner an opportunity to reply (#6). Petitioner's reply did not answer the question as to when the petition should be deemed filed so as to allow the Court to resolve the statute of limitations issue (#9). Accordingly, the Court will now give both Petitioner and Respondent an opportunity to provide documentation to resolve this question.

In 1999, the Eighth Circuit adopted the "mailbox rule" for filings under 28 U.S.C. § 2254. See *Nichols v. Bowersox*, 172 F.3d 1068, 1074-77 (8th Cir. 1999). This rule provides that "a *pro se* inmate's § 2254 petition is timely filed 'if it is deposited in the institution's internal mail system on or before the last day for filing.'" *Id*. at 1077 n. 5. In 2004, Rule 3(d) was added in an amendment to the Rules Governing Section 2254 Cases in the United States District Courts. Rule 3(d) provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

The pending petition was only partially dated, as it reflects only the month and year that Petitioner signed it. The record does not contain sufficient information regarding the date and manner of mailing to determine when Petitioner placed the Petition in the prison mail system.

Accordingly, Petitioner will have thirty (30) days from the entry of this order to provide a declaration or statement that complies with Rule 3(d). Respondent will have thirty (30) days from the entry of this order to provide an affidavit or authenticated documentation addressing this issue. Both parties will have a further fifteen (15) days to admit or deny the correctness of the materials, if any, offered by the opposing party.

IT IS SO ORDERED this 18th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE